IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| Hus Hari Buljic individually and as Administrator of the Estate of Sedika Buljic, Honario Garcia individually and as Administrator of the Estate of Reberiano Leno Garcia, and Arturo de Jesus Hernandez and Miguel Angel Hernandez as Co-Administrators of the Estate of Jose Luis Ayala, Jr., <br><br>       Plaintiffs, <br><br> vs. <br><br>Tyson Foods, Inc., Tyson Fresh Meats, Inc., John H. Tyson, Noel W. White, Dean Banks, Stephen R. Stouffer, Tom Brower, Mary A. Oleksiuk, Elizabeth Croston, Tom Hart, Hamdija Beganovic, James Cook, Ramiz Muheljic, Gustavo Cabarea, Pum Pisng, Alex Buff, Walter Cifuentes, Muwi Hlawnceu, Cody Brustkern, Mark Smith, and John/Jane Does 1-10, <br><br>       Defendants. | Case No. 6:20-cv-02055-KEM |

**BRIEF IN SUPPORT OF
MOTION TO DISMISS INDIVIDUAL DEFENDANTS
JOHN TYSON, NOEL WHITE, DEAN BANKS,
STEPHEN STOUFFER, TOM BROWER,
MARY OLEKSIUK, ELIZABETH CROSTON,
TOM HART, HAMDIJA BEGANOVIC, JAMES HOOK,
RAMIZ MUHELJIC, GUSTAVO CABRERA, PUM PIANG, ALEX BUSS,
WALFER CIFUENTES, MUWI HLAWNCEU, CODY BRUSTKERN,
AND MARK SMITH**

**(Oral Argument Requested)**

## TABLE OF CONTENTS

                                                                       **Page**

MOTION ........................................................................................................................ 1

INTRODUCTION AND STATEMENT OF ISSUES....................................................... 1

BACKGROUND........................................................................................................... 2

ARGUMENT ................................................................................................................ 4

      I.      Plaintiffs' claims are barred in this Court under the Iowa Worker's Compensation Act................................................................... 4

      II.     Plaintiffs' attempts to avoid the IWCA are without merit. ................... 5

            A.     Plaintiffs fail to plead a claim of wanton gross negligence......... 5

                   1.     The complaint fails to allege gross negligence as to each Individual Defendant. ................................................ 7

                   2.     The complaint fails to plausibly allege facts to establish "actual knowledge that injury was probable." ................................................................................ 8

                   3.     The complaint fails to allege "conscious failure to avoid peril." .................................................................... 10

            B.     Plaintiffs' fraudulent misrepresentation claims are barred by the IWCA, and are otherwise inadequately pleaded............ 12

CONCLUSION............................................................................................................ 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Bushong,*
    829 N.W.2d 191, 2013 WL 530961 (Iowa Ct. App. 2013) .................................... 10

*Cincinnati Ins. Cos. v. Kirk,*
    801 N.W.2d 856 (Iowa Ct. App. 2011) ......................................................... 2, 12

*Crest Constr. II, Inc. v. Doe,*
    660 F.3d 346 (8th Cir. 2011) ................................................................. 14

*Drobnak v. Andersen Corp.,*
    561 F.3d 778 (8th Cir. 2009) ................................................................. 13

*Dudley v. Ellis,*
    486 N.W.2d 281 (Iowa 1992) ................................................................. 5, 9

*Ganka v. Clark,*
    941 N.W.2d 356, 2019 WL 6358301 (Iowa Ct. App. 2019) .......................... 2, 9, 11

*Gerace v. 3-D Mfg. Co.,*
    522 N.W.2d 312 (Iowa Ct. App. 1994) ......................................................... 5

*Good v. Tyson Foods, Inc.,*
    756 N.W.2d 42 (Iowa Ct. App. 2008) ........................................................... 6

*Henrich v. Lorenz,*
    448 N.W.2d 327 (Iowa 1989) ............................................................. 4, 5, 7, 9

*Hernandez v. Midwest Gas Co.,*
    523 N.W.2d 300 (Iowa Ct. App. 1994) ......................................................... 8, 9

*Juarez v. Horstman,*
    797 N.W.2d 624, 2011 WL 441523 (Iowa Ct. App. 2011) .................................. 11

*Kerrigan v. Errett,*
    256 N.W.2d 394 (Iowa 1977) ................................................................... 6

*Mielke v. Ashland, Inc.,*
    No. 4:05-CV-88, 2005 WL 8157992 (S.D. Iowa July 29, 2005) ................... 2, 12, 13

*Moua v. Jani-King of Minn., Inc.,*
    613 F. Supp. 2d 1103 (D. Minn. 2009) ......................................................... 14

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**CASES (CONT.)**

*Nelson v. Winnebago Indus., Inc.*,
   619 N.W.2d 385 (Iowa 2000) ............................................................................... 5, 9

*Pyle v. Dow Chem. Co.*,
   728 F.2d 1129 (8th Cir. 1984) ................................................................................. 12

*Schwartzco Enters. LLC v. TMH Mgmt., LLC*,
   60 F. Supp. 3d 331 (E.D.N.Y. 2014) ..................................................................... 7, 8

*Simmons v. Acromark, Inc.*,
   No. 00-1625, 2002 WL 663581 (Iowa Ct. App. 2002) ............................................. 7

*Tigges v. City of Ames*,
   356 N.W.2d 503 (Iowa 1984) .................................................................................. 4

*Vandelune v. Synatel Instrumentation, Ltd.*,
   No. C95-3087, 1999 WL 33655731 (N.D. Iowa June 23, 1999) ............................ 11

*Walker v. Mlakar*,
   489 N.W.2d 401 (Iowa 1992) ..........................................................................passim

*Weimer v. Int'l Flavors & Fragrance*,
   240 F.R.D. 431 (N.D. Iowa 2007) .......................................................................... 13

*Woodruff Constr. Co. v. Mains*,
   406 N.W.2d 787 (Iowa 1987) ................................................................................ 10

**STATUTES**

Iowa Code § 85.3(1) ...................................................................................................... 4

Iowa Code § 85.20 ...................................................................................................... 13

Iowa Code § 85.20(2) ............................................................................................. 5, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ..................................................................................................... 13

# Motion

Defendants Tom Hart, Hamdija Beganovic, James Hook, Ramiz Muheljic, Gustavo Cabrera, Pum Piang, Alex Buss, Walfer Cifuentes, Muwi Hlawnceu, Cody Brustkern, and Mark Smith (the "Supervisory Defendants") and John Tyson, Noel White, Dean Banks, Stephen Stouffer, Tom Brower, Mary Oleksiuk, and Elizabeth Croston (the "Executive Defendants") (collectively the "Individual Defendants") join the Motion to Dismiss filed in this case by Tyson Foods, Inc. and Tyson Fresh Meats, Inc. ("Tyson"), and respectfully request dismissal of the claims asserted against them on the grounds set forth in that motion.

In addition, the Individual Defendants move for dismissal with prejudice under Rule 12(b)(6) on the additional grounds that the claims against them are barred by the Iowa Worker's Compensation Act ("IWCA").

# Introduction and Statement of Issues

Plaintiffs allege that their relatives, Sedika Buljic, Reberiano Leno Garcia, and Jose Luis Ayala experienced a workplace injury while working at Tyson's Waterloo, Iowa pork processing facility, and that the Individual Defendants—all coemployees of Ms. Buljic, Mr. Garcia, and Mr. Ayala—contributed to that injury.

Iowa has a strict, no-fault workers' compensation system that is overseen by the Workers' Compensation Commissioner. Plaintiffs' claims against the Individual Defendants are barred—at least in this Court— under the exclusive remedy provisions of the IWCA, which directs that workplace injury claims must be adjudicated by the Iowa Division of Workers' Compensation. This Court is simply the wrong forum to resolve Plaintiffs' claims.



Plaintiffs try to avoid the IWCA by recasting their workplace injury claim as a claim for "gross negligence." But gross negligence is "exceptionally difficult for plaintiffs to prove" because it requires "more than a showing of the defendant's actual or

constructive knowledge of the 'actuarial foreseeability' that accidents will happen." *Ganka v. Clark*, 941 N.W.2d 356, 2019 WL 6358301, at *2 (Iowa Ct. App. 2019) (quoting *Hernandez v. Midwest Gas Co.*, 523 N.W.2d 300, 305 (Iowa Ct. App. 1994)). Instead, it requires actual knowledge of probable injury. *Id.* Moreover, gross negligence requires specific allegations that an individual personally breached a duty to the plaintiff. The complaint contains none of these allegations.

Plaintiffs also attempt to evade the IWCA by labeling the same claims, based on the same facts, as claims for fraudulent misrepresentation. But "where a claim is predicated on the same facts as the work injury itself, simply labeling it as fraud is not sufficient to avoid the exclusivity of the Workers' Compensation Act." *Cincinnati Ins. Cos. v. Kirk*, 801 N.W.2d 856, 863 (Iowa Ct. App. 2011). *Mielke v. Ashland, Inc.*, No. 4:05-CV-88, 2005 WL 8157992, at *4 (S.D. Iowa July 29, 2005) (granting motion to dismiss misrepresentation claim) (quoting *Nelson v. Winnebago Indus., Inc.*, 619 N.W.2d 385, 389 (Iowa 2000)).

The complaint claims workplace injury. The appropriate forum for those claims is the Iowa Division of Workers' Compensation—not this Court. The complaint should be dismissed.

## BACKGROUND

Plaintiffs filed this lawsuit in the Iowa District Court for Black Hawk County in June 2020, naming twenty Defendants: Tyson Foods, Inc., Tyson Fresh Meats, Inc., seven Tyson employees grouped together as the "Executive Defendants," and eleven Tyson employees described as the "Supervisory Defendants." [Dkt. 1-2, Ex. A] Tyson Foods and Tyson Fresh Meats timely removed to this Court based on federal officer and federal question jurisdiction. [Dkt. 1]

The complaint alleges that Ms. Buljic, Mr. Garcia, and Mr. Ayala worked at the Waterloo facility; that they contracted COVID-19; and that they passed away from the disease. [Dkt. 1-2, Ex. A ¶¶ 2-10] Plaintiffs allege no facts as to how, when, or

why they contracted COVID-19, nor does the complaint include allegations that address or rule out contraction from other community sources of infection.

The complaint asserts a single cause of action against the Executive Defendants (the "Second Cause of Action") for "Gross Negligence and Punitive Damages." [Dkt. 1-2, Ex. A ¶¶ 114-29] No allegations are directed to any individual Executive Defendant; instead, allegations are directed against the "Executive Defendants" as a group. [*Id.*]

The complaint also asserts a single cause of action against the Supervisory Defendants (the "Third Cause of Action") for "Gross Negligence, Fraudulent Misrepresentation and Punitive Damages." [Dkt. 1-2, Ex. A ¶¶ 130-51] Again, no allegations are directed to any individual Supervisory Defendant; instead, allegations are directed against the "Supervisory Defendants" as a group. [*Id.*]

The complaint mentions the Executive and Supervisory Defendants by name only twice—once to state their job titles, and once to define them as "Executive Defendants" and "Supervisory Defendants." [Dkt. 1-2, Ex. A ¶¶ 19-32, 115, 131][1]

The allegations directed against the Executive and Supervisory Defendants are not unique to either group. Instead, similar allegations are asserted against, between, and among all the Defendants. [*Compare* Dkt. 1-2, Ex. A ¶¶ 100-107 (asserting fraudulent misrepresentation allegations against Tyson), *with id.* ¶¶ 142-49 (asserting identical allegations against Supervisory Defendants), *and compare* ¶¶ 118-25 (asserting gross negligence allegations against Executive Defendants), *with* ¶¶ 134-41 (asserting identical allegations against Supervisory Defendants)]

---

[1] The background section of the Petition includes an allegation that a newspaper advertisement signed by John Tyson was published on April 26, 2020, but that allegation does not give rise to any of the claims asserted against Mr. Tyson or any of the other Executive Defendants. [Dkt. 1-2 ¶ 86]

Finally, the complaint clarifies that no claims are asserted against the Individual Defendants in their individual capacities. Instead, the complaint alleges that Tyson "employed the [Individual] Defendants in managerial capacities," and that "[a]t all relevant times, the [Individual] Defendants were within the course and scope of their employment." [Dkt. 1-2, Ex. A ¶¶ 132-33 (Supervisory Defendants); *id.* ¶¶ 116-17 (Executive Defendants)]]

## ARGUMENT

### I. Plaintiffs' claims are barred in this Court under the Iowa Worker's Compensation Act.

The IWCA applies when an employee sustains "personal injuries . . . arising out of and in the course of the employment." Iowa Code § 85.3(1). Plaintiffs allege that Ms. Buljic, Mr. Garcia, and Mr. Ayala were "infected with COVID-19 at the Waterloo Facility"; that their deaths "arose out of and in the course of [their] employment with Tyson"; and that the Individual Defendants were, "[a]t all relevant times, . . . [acting] within the course and scope of their employment." [Dkt. 1-2, Ex. A ¶¶ 1, 4, 7, 10, 117, 133]

The IWCA therefore provides Plaintiffs' "exclusive and only" remedy for alleged workplace injuries under Iowa Code § 85.20. And it applies to coemployees, including managers and executives. The IWCA "is an injured worker's exclusive remedy against an employer *or coemployee*, thereby providing the employer and coemployee immunity from common law tort liability." *See Walker v. Mlakar*, 489 N.W.2d 401, 403 (Iowa 1992) (emphasis added); *Henrich v. Lorenz*, 448 N.W.2d 327, 332 (Iowa 1989) ("executive officers and representatives of the employer" are employees for purposes of the IWCA exclusivity provision).

Under Iowa law, the proper venue for resolving those claims is the Iowa Division of Workers' Compensation—not this Court. *See Tigges v. City of Ames*, 356 N.W.2d

503, 509 (Iowa 1984) (affirming dismissal for lack of subject matter jurisdiction where the IWCA's exclusivity provision applies). This Court should dismiss the complaint.

## II. Plaintiffs' attempts to avoid the IWCA are without merit.

Plaintiffs try to plead around the exclusivity provisions of the IWCA by styling their claims as claims for "Gross Negligence" or "Fraudulent Misrepresentation" against the Individual Defendants. That attempt should be rejected.

### A. Plaintiffs fail to plead a claim of wanton gross negligence.

The IWCA "is an injured worker's exclusive remedy against an employer or co-employee" and provides "coemployee[s] immunity from common law tort liability." *Walker*, 489 N.W.2d at 403. Moreover, the Iowa Supreme Court has confirmed that "executive officers and representatives of the employer . . . are expressly said to be employees under the statute" for purposes of the IWCA exclusivity provision. *Henrich*, 448 N.W.2d at 332. Plaintiffs agree. [Dkt. 1-2, Ex. A ¶ 116 ("At all relevant times, Tyson Foods employed the Executive Defendants in managerial capacities.")]

There is a "narrow" exception—one that is "very difficult to prove"—where a plaintiff can show that a coemployee has engaged in "gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." *Henrich*, 448 N.W.2d at 332; *Gerace v. 3-D Mfg. Co.*, 522 N.W.2d 312, 315 (Iowa Ct. App. 1994); *see also* Iowa Code § 85.20(2).

The Iowa Supreme Court has stressed, however, that mere negligence—or even "gross negligence"—is not enough. The additional element of "wanton neglect" is required. *See Winnebago Indus.*, 619 N.W.2d at 390 ("The requirements of this statute impose a substantial burden on a plaintiff attempting to sue a coemployee because it requires *wanton* neglect."); *Dudley v. Ellis*, 486 N.W.2d 281, 283 (Iowa 1992) ("[A]dding the requirement of wantonness severely restricted the application of section 85.20.").

As an initial matter, the complaint fails to allege any personal wrongful conduct by the Individual Defendants toward the Plaintiffs. Plaintiffs merely allege that Tyson "employed the [Individual] Defendants in managerial capacities," and that "[a]t all relevant times, the [Individual] Defendants were within the course and scope of their employment." [Dkt. 1-2, Ex. A ¶¶ 116-17; 132-33]

But gross negligence against a coemployee requires something more—that the coemployee personally breached a specific duty to the plaintiff. Indeed, even under the rule prior to amendment of § 85.20, which allowed suits among coemployees based on ordinary negligence, personal liability still could not "be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *See Kerrigan v. Errett*, 256 N.W.2d 394, 397 (Iowa 1977).

Here, in contrast, the complaint contains no factual allegations regarding any action personally taken by any Individual Defendant, and is therefore barred by the IWCA. *See Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008) (rejecting claim for gross negligence brought against individual supervisor and employer because it "squarely falls within the ambit of" the IWCA) (quoting *Kloster v. Hormel Foods Corp,*, 612 N.W.2d 772, 774 (Iowa 2000)).

**The elements of gross negligence have not been pleaded.** The Iowa Supreme Court has "stringently maintained" that three elements are required to prove "gross negligence" and "wanton neglect" under the IWCA:

    (1)  knowledge of the peril to be apprehended;

    (2)  knowledge that injury is a probable, as opposed to a possible, result of the danger; and

    (3)  a conscious failure to avoid the peril.

- 6 -
Case 6:20-cv-02055-LRR-KEM   Document 24-1   Filed 10/09/20   Page 10 of 20

*Walker*, 489 N.W.2d at 403 (citing *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981)). Here, the complaint fails to plausibly allege facts to satisfy these elements.

### 1. The complaint fails to allege gross negligence as to each Individual Defendant.

The required elements of gross negligence must be individually pleaded for each of the Individual Defendants. *Henrich*, 448 N.W.2d at 333 ("In order to recover for her injuries from a coemployee, [plaintiff's] claims of gross negligence must meet all the requirements of *Thompson* as to that coemployee."); *Simmons v. Acromark, Inc.*, No. 00-1625, 2002 WL 663581, at *2 (Iowa Ct. App. 2002) ("The [gross] negligence claims apply separately to each defendant."). In other words, a claim for gross negligence cannot be alleged through "'group pleading' . . . that fails to distinguish between the defendants." *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 356 (E.D.N.Y. 2014).

Here, the complaint simply groups all of the Individual Defendants together and asserts that they collectively (together with Tyson) engaged in alleged acts or omissions, with no attempt to plead which specific defendant was allegedly responsible for any given conduct. [Dkt. 1-2, Ex. A ¶¶ 119, 135] Indeed, other than identifying their job titles, the complaint fails to assert *any* fact against *any* of the Individual Defendants.

But job titles are not enough. Iowa courts have held that even a "manager of safety" is not merely presumed to have actual knowledge of conditions affecting safety. Actual, specific knowledge is required. *See Walker*, 489 N.W.2d at 402, 406 (affirming dismissal, ruling that allegations that coemployees held positions of "manager of safety, health and environment" and "safety engineer" were "insufficient, standing alone, to [demonstrate] 'actual knowledge' of [unsafe workplace conditions]"). By failing to "distinguish between the defendants," Plaintiffs have impermissibly "lump[ed] all the defendants together in each claim and provid[ed] no factual

basis to distinguish their conduct," and the complaint therefore "fail[s] to satisfy [Rule 8's] minimum standard." *Schwartzco Enters.*, 60 F. Supp. 3d at 356 (dismissing claim for gross negligence) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir.2001)).

### 2. The complaint fails to plausibly allege facts to establish "actual knowledge that injury was probable."

To satisfy the required element of knowledge of probable injury, the complaint must allege "that the defendants *knew* their actions would place their coemployee in *imminent* danger, so that someone would *more likely than not* be injured by the conduct." *Hernandez*, 523 N.W.2d at 305 (emphasis added). Consistent with Iowa's "strict" application of these requirements, "an injured worker must prove . . . that a coemployee *actually* knew of a peril or hazard." *Walker*, 489 N.W.2d at 404 (emphasis added). Constructive knowledge is not enough:

> For us to say that a coemployee's constructive knowledge or constructive "consciousness" of a hazard, without any actual knowledge thereof, is adequate to establish the co-employee's "gross negligence," would be to require plant safety managers and safety engineers to become the insurers of other employees for every potential peril, real or otherwise, within the plant.

*Id.* at 405.

Here, the complaint is devoid of facts suggesting that any of the Individual Defendants had actual knowledge that their alleged conduct created any risk—much less more probable than not—of imminent danger to Ms. Buljic, Mr. Garcia, Mr. Ayala, or anyone else. To the contrary, to the extent the complaint addresses this element at all, it pleads only *constructive* knowledge—*i.e.*, that "[t]he [Individual] Defendants knew *or should have known* that their conduct was probable to cause employees to become seriously ill or die." [Dkt. 1-2, Ex. A ¶¶ 123, 139] As noted above,

constructive knowledge is not sufficient to plead gross negligence. *See Hernandez, Ganka*, *supra*.

Moreover, gross negligence requires not just "actual knowledge," but "knowledge that injury is a probable, as opposed to a possible, result of the danger." *Walker*, 489 N.W.2d at 403. Actual knowledge is "exceptionally difficult for plaintiffs to prove" because it requires more than a showing of the coworkers' "knowledge of the actuarial foreseeability—even certainty—that accidents will happen." *Henrich*, 448 N.W.2d at 334 n.3; *Ganka*, 941 N.W.2d 356, 2019 WL 6358301, at *2. Instead, the plaintiff "must show the defendant 'knew their actions would place their [coemployee] in imminent danger, so that someone would more likely than not be injured by the conduct.'" *Ganka*, at *2.

As the cases make clear, actual knowledge that injury was probable is an extremely high bar and would seem to require near criminal misconduct. *See, e.g.*:

> ***Nelson v. Winnebago Indus., Inc.***, 619 N.W.2d 385, 390-91 (Iowa 2000)
>
> - Coemployees "sneaked up behind [the plaintiff,]" began taping him "like a 'mummy' with duct tape" until the plaintiff "couldn't move," and then seven or eight men "carried him a distance estimated by the plaintiff to be ten to fifteen feet to a shower, where he was dropped."
>
> - But no gross negligence, because there was no evidence that the plaintiff's coemployees knew "that injury to the plaintiff was a probable, as opposed to a possible, result" of their conduct.
>
> ***Dudley v. Ellis***, 486 N.W.2d 281, 28, 284-85 (Iowa 1992)
>
> - Coemployee working with plaintiff prematurely activated a 120-volt wire, causing an electrical explosion resulting in severe injuries.
>
> - But no gross negligence, due to lack of evidence that the coemployee knew that injury would probably result because "the

explosion was caused by a combination of factors" rather than directly by the coemployee's actions.

***Woodruff Constr. Co. v. Mains***, 406 N.W.2d 787, 789 (Iowa 1987)

- Plaintiff's supervisor knew there was a dangerous "soft spot" on the roof that he and the plaintiff were repairing but "ordered [the plaintiff] to report to him" knowing that the soft spot was between them, causing the plaintiff to walk into the hole.

- But no gross negligence: "While [the supervisor's] abusive activities in regard to his employees could well be found to amount to negligence . . . we do not believe that the requisite showing of probability of injury required by section 85.20 was established." *Id.* at 790-91.

***Anderson v. Bushong***, 829 N.W.2d 191, 2013 WL 530961, at *1 (Iowa Ct. App. 2013)

- The plaintiff "shattered his heel bones after falling eleven feet from the deck of a construction site" because his supervisors failed to "follow[] federal regulations or the construction company manual regarding safe practices for covering stairwell holes."

- But no gross negligence: "We disagree that the defendants' knowledge of the [safety] violations [at the plaintiff's worksite] satisfied the high hurdle posed by the second requirement under section 85.20—that either coworker knew [the plaintiff's] injury was a 'probable' consequence of the failure to enforce safety rules." *Id.* at *5 (citing *Thompson*, 312 N.W.2d at 505).

Here, the complaint does not set forth *any* factual allegations that the Individual Defendants had actual knowledge that Ms. Buljic, Mr. Garcia, and Mr. Ayala's tragic deaths were "more likely than not" to occur.

### 3. The complaint fails to allege "conscious failure to avoid peril."

Gross negligence requires "such lack of care as to amount to wanton neglect for the safety of another," including a "conscious failure to avoid the [alleged] peril."

*Walker*, 489 N.W.2d at 403. In that regard, Iowa courts recognize "an important difference between" a coemployee's alleged *failure* to take action to improve safety conditions, and allegations that a coemployee affirmatively "issued directives for their co-employees to continue performing operations the supervisors knew would place the co-employees in harm's way." *See Juarez v. Horstman*, 797 N.W.2d 624, 2011 WL 441523, at *4 (Iowa Ct. App. 2011); *Walker*, 489 N.W.2d at 406 ("Plaintiff here could have established defendants' gross negligence only by showing that defendants *actually* knew of the drop-off but nevertheless ordered or otherwise forced Clifton to confront it.").

The complaint here alleges only that the Individual Defendants failed to take actions that allegedly would have *improved* safety conditions more than measures that were taken. [*See* Dkt. 1-2, Ex. A ¶¶ 119(a)-(aa), 135(a)-(aa) (alleging "failing" to take various actions)] That is not remotely akin to ordering employees to walk into a known drop-off or other such perils. *Ganka*, 941 N.W.2d 356, 2019 WL 6358301, at *3 (finding no gross negligence even though "[the defendant] could have taken steps to reduce this risk. . . . [,] could have permitted the use of a telehandler, arranged for his crews to have specialized training, or made sure the crewmembers read safety manuals.").

Nor are allegations of failure to comply with OSHA guidelines sufficient. *See Vandelune v. Synatel Instrumentation, Ltd.*, No. C95-3087, 1999 WL 33655731, at *3 (N.D. Iowa June 23, 1999) (holding that even if coemployee "did have actual knowledge that the sensor did not comply with OSHA regulations, this failure does not meet the test for a finding of gross negligence").

\* \* \*

In sum, the complaint fails to set forth factual allegations plausibly suggesting that any of the Individual Defendants committed an affirmative act constituting "such lack of care as to amount to wanton neglect for the safety of" Ms. Buljic, Mr.

Garcia, or Mr. Ayala under the exceptionally narrow and stringent exception to the IWCA. Iowa Code § 85.20(2); *Walker*, 489 N.W.2d at 405. Allowing the claims to proceed would contravene the purpose of the IWCA's exclusivity provision by "requir[ing] plant safety managers . . . to become the insurers of other employees for every potential peril, real or otherwise, within the plant." *Id.*

### B. Plaintiffs' fraudulent misrepresentation claims are barred by the IWCA, and are otherwise inadequately pleaded.

There is no "fraud" exception to the exclusivity provisions of the IWCA. Moreover, Iowa courts have held that a plaintiff cannot circumvent the IWCA by recasting a workplace injury claim as a claim for misrepresentation where—as here—the gist of the claim is for bodily or occupational injury and the elements of gross negligence are not met. "[W]here a claim is predicated on the same facts as the work injury itself, simply labeling it as fraud is not sufficient to avoid the exclusivity of the Workers' Compensation Act." *See Cincinnati Ins.*, 801 N.W.2d at 863.[2]

For example, in *Mielke v. Ashland, Inc.*, a plaintiff asserted claims against an employer for misrepresentation and other torts arising out of the alleged workplace death of an employee from leukemia. After removal to federal court, the employer moved to dismiss, arguing that the plaintiff's sole remedy was limited to the IWCA. Civ. No. 4:05-CV-88, 2005 WL 8157992, at *4 (S.D. Iowa July 29, 2005).

The court agreed and dismissed the claim. Citing the Iowa Supreme Court's decision in *Nelson*, the *Mielke* court held that where the plaintiff sued "for damages attributed to an occupational disease she does not dispute arose 'out of'" her employment, the "'mere labeling of a claim for injuries' as an intentional tort [*i.e.*

---

[2] The Eighth Circuit has a decision very similar to *Nelson* applying Arkansas law. *See Pyle v. Dow Chem. Co.*, 728 F.2d 1129 (8th Cir. 1984) (affirming dismissal, holding that tort claims brought by former employees for alleged willful exposure to chemicals were barred by the Arkansas Workers' Compensation Act).

misrepresentation] 'cannot avoid the exclusivity of workers' compensation if the gist of the claim is for bodily injury,' or, in this case, occupational disease leading to death." *Id.* at *4 (quoting *Winnebago Indus.*, 619 N.W.2d at 389).

The same reasoning and result apply here. Although framed as a fraudulent misrepresentation claim against the Supervisory Defendants (and one Executive Defendant, Elizabeth Croston), the "gist" of Plaintiffs' claims is that Ms. Buljic, Mr. Garcia, and Mr. Ayala suffered a workplace injury while working at Tyson. Under Iowa law, this Court is the wrong forum for Plaintiffs' workplace injury claims, regardless of how they are styled. Iowa Code § 85.20.[3]

**Failure to allege with particularity.** Even if Plaintiffs' misrepresentation claims were not barred by the IWCA, they would still be subject to dismissal because Plaintiffs have failed to allege those claims against the Supervisory Defendants or Ms. Croston with particularity. *See* Fed. R. Civ. P. 9(b) ("a party must state with particularity the circumstances constituting fraud").

As discussed more fully in Tyson's motion to dismiss (in which the Individual Defendants join), a plaintiff must allege "the 'who, what, where, when, and how' of the alleged fraud." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006)).

The complaint falls far short of that standard. Rather than allege who said what, the complaint simply groups the Supervisory Defendants together and alludes to various alleged statements made by *all of them*—together with "Tyson" generally. Such "group" pleading is not permissible for misrepresentation claims. "[W]here a plaintiff's complaint 'accuses multiple defendants of participating in the scheme to defraud, the plaintiffs must take care to identify which of them was responsible for the individual acts of fraud.'" *Weimer v. Int'l Flavors & Fragrance*, 240 F.R.D. 431, 437

---

[3] Other than Ms. Croston, Plaintiffs do not assert a fraudulent misrepresentation claim against the Executive Defendants, only the Supervisory Defendants.

(N.D. Iowa 2007) (quoting *Remmes v. Int'l Flavors & Fragrances, Inc.*, 389 F. Supp. 2d 1080, 1088 (N.D. Iowa 2005)). Simply "cluster[ing] all the Defendants together without the required specificity to discern the respective roles of the individual defendants in the alleged fraud" does not satisfy Rule 9(b). *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103, 1111 (D. Minn. 2009).

In addition, the complaint fails to state what alleged statements were made at what time, in what place, or under what circumstances. [*See* Dkt. 1-2, Ex. A ¶¶ 100-107, 142-49, 153-60] That is also insufficient to satisfy Rule 9(b). *See, e.g., Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 358-59 (8th Cir. 2011) (affirming the district court's dismissal where "the Complaint fail[ed] to specify a single date with respect to any" allegation of fraud).

## CONCLUSION

This Court is the wrong forum to resolve Plaintiffs' workplace injury claims. Under the IWCA, such claims must be adjudicated by the Iowa Division of Workers' Compensation. For that reason, and the reasons set forth in Tyson's Motion to Dismiss, which the Individual Defendants join, Plaintiffs' claims should be dismissed with prejudice.

/s/ Kevin J. Driscoll
Kevin J. Driscoll   AT0002245
**FINLEY LAW FIRM, P.C.**
699 Walnut Street, Suite 1700
Des Moines, Iowa 50309
Telephone: 515-288-0145
Facsimile: 515-288-2724
Email: kdriscoll@finleylaw.com

Christopher S. Coleman
(*pro hac vice* forthcoming)
**Perkins Coie LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: 602.351.8000
Facsimile: 602-648.7000
Email: CColeman@perkinscoie.com

Mary Gaston
(*pro hac vice* forthcoming)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: MGaston@perkisncoie.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that, on October 9, 2020, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system as follows:

>Thomas P. Frerichs
>**Frerichs Law Office, P.C.**
>106 E. 4th Street, P. O. Box 328
>Waterloo, Iowa 50704-0328
>319.236.7204 / 319.236.7206 (fax)
>tfrerichs@frerichslaw.com
>
>John J. Rausch
>**Rausch Law Firm, PLLC**
>3909 University Ave., P. O. Box 905
>Waterloo, Iowa 50704-0905
>319.233.35557 / 319.233.3558 (fax)
>rauschlawfirm@dybb.com
>
>Mel C. Orchard, III
>G. Bryan Ulmer, III
>Gabriel Phillips
>**The Spence Law Firm, LLC**
>15 S. Jackson Street
>P. O. Box 548
>Jackson, Wyoming 83001
>307.337.1283 / 307.337.3835 (fax)
>orchard@spencelawyers.com
>ulmer@spencelawyers.com
>phillips@spencelawyers.com
>
>*Attorneys for the Plaintiffs*

/s/ Kevin J. Driscoll