Hus Hari Buljic individually and as
Administrator of the Estate of Sedika
Buljic, Honario Garcia individually
and as Administrator of the Estate of
Reberiano Leno Garcia, and Arturo de
Jesus Hernandez and Miguel Angel
Hernandez as Co-Administrators of
the Estate of Jose Luis Ayala, Jr.,

Case No. 6:20-cv-02055-KEM

                         Plaintiffs,

        vs.

Tyson Foods, Inc., Tyson Fresh Meats,
Inc., John H. Tyson, Noel W. White,
Dean Banks, Stephen R. Stouffer, Tom
Brower, Tom Hart, Cody Brustkern,
John Casey, Bret Tapken, and James
Hook,

                         Defendants.

# JOINT EXPEDITED MOTION TO CONSOLIDATE DISCOVERY

## and

## MOTION FOR STATUS CONFERENCE

Pursuant to Federal Rule of Civil Procedure 42, Plaintiffs in the above-captioned matter (the "*Buljic* Matter"),[1] along with Plaintiff in *Fernandez v.*

---

[1]    Hus Hari Buljic (individually and as Administrator of the Estate of Sedika Buljic), Honario Garcia (individually and as Administrator of the Estate of Reberiano Leno Garcia), and Arturo de Jesus Hernandez and Miguel Angel Hernandez (as Co-Administrators of the Estate of Jose Luis Ayala, Jr.).

150528282.1

*Tyson Foods, Inc.,* et al, No. 20-CV-2079 (N.D. Iowa) (the "*Fernandez* Matter"),[2] as well as Defendants in both actions, jointly move to consolidate these matters for discovery purposes and pre-trial proceedings.[3]  As discussed below, there are significant "common question of law or fact" in both proceedings, Fed. R. Civ. P. 42(a), and consolidating them for this limited purpose will allow for more efficient litigation and thereby reduce "unnecessary cost or delay" in their disposition, Fed. R. Civ. P. 42(a)(3).

**Common Questions of Law and Fact.**    There are significant overlapping questions of law and fact in the *Buljic* Matter and the *Fernandez* Matter.   The questions of law posed are common.  Both the *Buljic* Matter and the *Fernandez* Matter were removed to this Court from Iowa state court on the basis of, *inter alia,* the Federal Office Removal statute, 28 U.S.C. § 1442(a)(1). [Dkt 1., Dkt. 1 in 20-CV-2079]. Plaintiffs have filed a motion to remand in both cases, challenging removal under that statute.  [Dkt. 15; Dkt. 22 in 20-CV-2079]  Also soon pending before the court in both matters will be Defendants' motions to dismiss, which will argue that Plaintiffs' claims are (a) barred by

---

[2]     Oscar Fernandez (individually and as Administrator of the Estate of Isidro Fernandez).

[3]     An essentially identical motion is also being filed under the caption *Fernandez v. Tyson Foods*, Inc., et al, No. 20-CV-2079.

the Iowa Worker's Compensation Act, (b) inadequately pled, and (c) preempted by federal law.[4]

Factually, both the *Buljic* Matter and the *Fernandez* Matter arise of out of the alleged death of Tyson employees as a result of exposures to the COVID-19 virus early in the pandemic, which the Plaintiffs allege in both actions occurred at the same worksite. [Dkt. 46 ("*Buljic* Complaint") ¶¶ 2-10; Dkt. 29 in 20-CV-2079-LRR ("*Fernandez* Complaint") ¶ 2-4] Both cases name Tyson Foods, Tyson Fresh Meats, and the same Tyson executives, as well as various Tyson supervisors as Defendants. [*Buljic* Complaint ¶¶ 11-30; *Fernandez* Complaint ¶¶ 5-23] Both make claims for fraudulent misrepresentation and gross negligence. [*See generally Buljic* Complaint, *Fernandez* Complaint] Factually, both claims are predicated on near-identical alleged misrepresentations [*Buljic* Complaint ¶¶ 130(a)-(j); *Fernandez* Complaint ¶¶ 107(a)-(j)] and near-identical actions Tyson allegedly failed to take. [*Buljic* Complaint ¶¶ 148(a)-(cc); *Fernandez* Complaint ¶¶ 125(a)-(cc)]

**Consolidation for Pre-Trial Proceedings Will Reduce Cost and Delay.** Given these overlapping questions of law and fact, consolidation of the *Buljic* Matter and the *Fernandez* Matter will result in meaningful efficiencies,

---

[4]     *See* Defendants' previously filed motions to dismiss in both the *Buljic* Matter and *Fernandez* Matter. [Dkts. 24, 25; Dkts. 20, 21 in 20-CV-2079-LRR] New versions of those motions, to address the amended complaints, will soon be filed.

particularly in discovery and the work of experts. In discovery, disclosures, as well as interrogatories, requests for admissions, and document production will only need to occur once, and any discovery disputes will only be raised once.[5] The deposition of Tyson employees, including individually-named defendants, will need to occur only once.

Similarly, if consolidated for pre-trial purposes, experts in both matters will be subject to only one set of disclosure deadlines and only one deposition, and any challenges to expert opinions (through *Daubert* motions or otherwise) need occur only once. Given the scientific novelty of COVID-19 related issues, and the number of experts that will be necessary in these two matters, the efficiencies to be gained and resources saved by consolidation just in expert discovery is significant.

**Requested Relief.** For the foregoing reasons, Plaintiffs and Defendants jointly request that the Court consolidate the *Buljic* Matter and the *Fernandez* Matter for purposes of discovery and pretrial proceedings only. The parties filed a proposed Trial Scheduling Order and Discovery Plan as of December 22, 2022 in the *Fernandez* Matter. [Dkt. 47 in 20-CV-2079]. The parties further request that the Court enter the proposed *Fernandez* schedule in the

---

[5]     Consolidation will also prevent any conflicting discovery rulings.

consolidated matter and vacate the previously-set schedule in the *Buljic* Matter.[6] [Dkt. 30]

Finally, the parties respectfully request that the Court schedule an expedited conference to discuss this motion, the consolidation of the *Buljic* Matters and the *Fernandez* Matter, as well as the schedule for both cases going forward. The request for expedited relief is necessitated by the fact that on December 22, 2020, new counsel was substituted in for five of the defendants in the Buljic matter, and there currently exists a January 4, 2021 deadline for new counsel to respond to the Second Amended Complaint in *Buljic* on behalf of the five supervisory defendants. Plaintiffs in *Buljic* do not oppose extending that deadline provided the matters are consolidated. Accordingly, in light of the short time frame, the parties respectfully request an expedited scheduling conference.

---

[6]    Pursuant to LR 16(f), the parties report: (1) & (2) other than initial disclosures for the original parties in the *Buljic* matter, discovery has not otherwise begun; (3) due to the multiple amendments to the complaint, the need for new counsel for five defendants, and the addition of new allegations and a new defendant, only with extraordinary effort and expense might the current discovery deadlines in *Buljic* be met, which is what precipitated counsel for all parties, including new counsel for the five supervisory defendants, to confer regarding an expedient and efficient solution to the outstanding scheduling issues in both matters; (4) & (5) under the proposed *Fernandez* scheduling order discovery in both matters will be complete October 1, 2021 and the matters will both be trial-ready in June 2022.

/s/ Thomas P. Frerichs
Thomas P. Frerichs
**Frerichs Law Office, P.C.**
106 E. 4th Street, P. O. Box 328
Waterloo, Iowa 50704-0328
319.236.7204 / 319.236.7206 (fax)
tfrerichs@frerichslaw.com

John J. Rausch
**Rausch Law Firm, PLLC**
3909 University Ave., P. O. Box 905
Waterloo, Iowa 50704-0905
319.233.35557 / 319.233.3558 (fax)
rauschlawfirm@dybb.com

Mel C. Orchard, III
G. Bryan Ulmer, III
Gabriel Phillips
**The Spence Law Firm, LLC**
15 S. Jackson Street
P. O. Box 548
Jackson, Wyoming 83001
307.337.1283 / 307.337.3835 (fax)
orchard@spencelawyers.com
ulmer@spencelawyers.com
phillips@spencelawyers.com
*ATTORNEYS FOR PLAINTIFFS*


/s/ Kevin J. Drisoll
Kevin J. Driscoll          AT0002245
FINLEY LAW FIRM, P.C.
699 Walnut Street, Ste 1700
Des Moines, IA  50309
Phone:  515-288-0145
Facsimile:  515-288-2724
Email:  kdriscoll@finleylaw.com

Christopher S. Coleman
(*Admitted pro hac vice*)
**Perkins Coie LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: 602.351.8000

Facsimile: 602-648.7000
Email: CColeman@perkinscoie.com

Mary Gaston
(*Admitted pro hac vice*)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: MGaston@perkinscoie.com
*ATTORNEYS FOR DEFENDANTS TYSON
FOODS, INC., TYSON FRESH MEATS,
INC., JOHN H. TYSON, NOEL W. WHITE,
DEAN BANKS, STEPHEN R. STOUFFER,
AND TOM BROWER*


/s/  Nicholas Klinefeldt
Nicholas Klinefeldt
FAEGRE DRINKER BIDDLE & REATH,
LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA  50309
Phone:  515-447-4717
Facsimile:  515-248-9010
Email:  nick.klinefeldt@faegredrinker.com
ATTORNEYS FOR DEFENDANTS TOM
HART, CODY BRUSTKERN, JOHN CASEY,
BRET TAPKEN, AND JAMES HOOK