IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| HUS HARI BULJIC, Individually and as Administrator of the Estate of Sedika Buljic, HONARIO GARCIA, Individually and as Administrator of the Estate of Rebeniano Leno Garcia, and ARTURO DE JESUS HERNANDEZ and MIGUEL ANGEL HERNANDEZ as Co-Administrators of the Estate of Jose Luis Ayala, Jr., <br><br> Plaintiffs, <br> vs. <br><br> TYSON FOODS, INC., TYSON FRESH MEATS, INC., JOHN H. TYSON, NOEL W. WHITE, DEAN BANKS, STEPHEN R. STOUFFER, TOM BROWER, TOM HART, CODY BRUSTKERN, BRET TAPKEN, JOHN CASEY, and JAMES HOOK, <br><br> Defendants. | No. 20-CV-2055-LRR <br><br> **ORDER** |

_____

The matter before the court is Defendants Tyson Foods, Inc.'s, Tyson Fresh Meats, Inc.'s, John H. Tyson's, Noel W. White's, Dean Banks's, Stephen R. Stouffer's, Tom Brower's, Tom Hart's, Cody Brustkern's, John Casey's, Bret Tapken's and James Hook's (collectively, "Defendants") Motion to Stay Remand Order ("Motion") (docket no. 61).

On December 28, 2020, the court entered an Order (docket no. 57) granting Plaintiffs Hus Hari Buljic's, Honario Garcia's, Arturo de Jesus Hernandez's and Miguel Angel Hernandez's (collectively, "Plaintiffs") Motion to Remand (docket no. 15) and remanded this matter to the Iowa District Court for Black Hawk County. On the same

date, the Clerk's Office mailed a copy of the December 28, 2020 Remand Order to the Iowa District Court for Black Hawk County. *See* Clerk's Office Entry at docket no. 57. On December 31, 2020, Defendants filed a Notice of Appeal (docket no. 58), appealing the December 28, 2020 Remand Order to the Eighth Circuit Court of Appeals. On January 5, 2021, the Eighth Circuit sent the parties a letter outlining procedures for the appeal and setting a briefing schedule. *See* docket no. 60. On January 7, 2021, the Iowa District Court for Black Hawk County filed this court's December 28, 2020 Remand Order. *See* Plaintiffs' Exhibit 1 (docket no. 62-1). On January 8, 2021, Defendants filed the Motion. On January 22, 2021, Plaintiffs filed the Response (docket no. 62). On January 25, 2021, Defendant filed the Reply (docket no. 63).

At the outset, the court must address the issue of jurisdiction. *See Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."). Here, the jurisdictional question is twofold: (1) whether this court has jurisdiction to address Defendants' motion to stay after the state court has taken jurisdiction of the case following the court's Remand Order; and (2) whether this court has jurisdiction to address Defendants' motion to stay when Defendants appealed the Remand Order prior to seeking the stay.

The cases cited by Defendants do not adequately answer either question. Defendants cite *Nken v. Holder*, 556 U.S. 418 (2009), but *Nken* simply provides that federal courts have the power to grant a stay pending appeal. *Id.* at 421. *Nken* does not address whether a district court has jurisdiction to grant a stay after an appeal has been filed or after a case has been remanded to state court. Next, Defendants cite *Federal Home Loan Mortgage Corp. v. Grantz*, 568 Fed. Appx. 482 (8th Cir. 2014), an unpublished per curiam case, which simply notes that the Defendant-Appellant in that case could have asked the appellate court, *not the district court*, for a stay of a remand order pending appeal. *Id.* at 483. Defendants also cite *Lu Junhong v. Boeing Co.*, 792 F.3d 805 (7th Cir. 2015) and *Humphries v. Elliott Co.*, 760 F.3d 414 (5th Cir. 2014).

2

In both of these cases the appellate court, *not the district court*, granted motions to stay remand orders pending appeal. *See Lu Junhong*, 792 F.3d at 808; *Humphries*, 760 F.3d at 416. Defendants cite *Northrop v. Grumman Technical Services, Inc. v. DynCorp International LLC*, No. 1:16cv534 (JCC/IDD), 2016 WL 3346349 (E.D. Va. June 16, 2016), where prior to the clerk of court executing the district court's remand order, the plaintiff filed an emergency motion requesting a stay of a remand order pending appeal. *Id*. at *1. This is not the situation present here. Similarly, Defendants cite *Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Group, Inc.*, No. Civ. 3:05-0451, 2005 WL 2237598 (M.D. Tenn. Sept. 12, 2005), which is nothing more than a one paragraph order denying a motion to reconsider an order staying a remand order pending appeal. *Id*. at *1. The case does not address the jurisdictional questions present in this case.

In the Reply, Defendants argue that, "when a statutory right to appeal a remand order exists, a district court retains jurisdiction to reconsider or to stay its remand order even after mailing that order to the state court." Reply at 2. In support of this argument, Defendants cite *Hammer v. U.S. Dep't of Health & Human Servs.*, 905 F.3d 517 (7th Cir. 2018). *Hammer* stands for the proposition that, when a remand order is reviewable, "the certification of the remand order imposes no independent bar on either [the appellate court's] or the district court's jurisdiction" to consider the appeal or a motion for reconsideration. *Hammer*, 905 F.3d at 525. *Hammer* does not address whether a district court has jurisdiction to consider a motion to stay under the circumstances present in this case. The other cases cited by Defendants stand for the same proposition as *Hammer*— that mailing a remand order to state court, when the remand order is reviewable, does not divest the appellate court of jurisdiction to consider the appeal or divest the district court of jurisdiction to consider a motion for reconsideration. *See Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313-14 (2d Cir. 2005); *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 159 (3d Cir. 1998); *In re Digicon Marine, Inc.*, 966 F.2d 158, 160-61 (5th Cir. 1992).

In their response, Plaintiffs assert that "[i]t is well settled that a federal district court is divested of jurisdiction when the remand order is certified and mailed to the clerk of the State court." Response at 3. *See In re Fort Dodge Creamery Co.*, 117 B.R. 438, 443 (N.D. Iowa 1990) ("It is widely held that once a federal district court mails a certified copy of an order remanding a case to a state court, the federal court is completely divested of jurisdiction over the matters remanded") (citing *Seedman v. United States Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988)).

However, Plaintiffs' argument and the cases cited by Plaintiffs are based on a remand order that is not appealable. That is not the case here. Under 28 U.S.C. § 1447(d), a remand order based on removal under 28 U.S.C. § 1442—federal officer removal—is "reviewable by appeal." *Id*. Federal Rule of Civil Procedure 62(a) provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." *Id*. In *Vision Bank v. Bama Bayou, LLC*, No. 11-0568-KD-M, 2012 WL 1592985 (S.D. Ala. May 7, 2012), the district court held that Fed. R. Civ. P. 62(a) applied to a party with a "statutory right to appeal an order of remand." *Id*. at *2. The district court stated that "[o]nce the FDIC appealed, a stay order should have been issued. . . . To do otherwise would make the right of appeal nugatory." *Id*.; *see also West Virginia State University Bd. of Governors v. Dow Chem. Co.*, No. 2:17-cv-3558, 2020 WL 3053542, at *1 (S.D. W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance."). Based on the foregoing, it appears that a 30-day automatic stay is applicable to the court's December 28, 2020 Remand Order, which theoretically would give this court jurisdiction to address Defendant's Motion, at least until January 27, 2021.

However, the foregoing does not fully answer the court's jurisdictional inquiry, as Defendants filed their appeal prior to requesting the stay pending appeal. Neither party addressed this issue. In *S.E.C. v. Shanahan*, No. 4:06-MC-546 CAS, 2007 WL 1084205 (E.D. Mo. Apr. 11, 2007), the district court addressed the issue of whether it

4

had jurisdiction to rule on a motion to stay in a matter that was on appeal before the Eighth Circuit Court of Appeals. *Id*. at *1. In *Shanahan*, the district court noted that, "[t]he Supreme Court has instructed that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Id*. (quoting *Giggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also Chambers v. Pennycook*, 641 F.3d 898, 903-04 (8th Cir. 2011) (quoting *Giggs*). However, the district court noted that "[t]he principle is not absolute . . . and there are situations in which it does not apply." *Shanahan*, 2007 WL 1084205, at *1. The jurisdictional transfer principle only divests a district court of matters that are appealed. *See id*. "A district court retains jurisdiction to adjudicate matters which are collateral or tangential to the appeal." *Id*. Applying these principles, the court finds that whether to grant a stay of the remand order that is already on appeal before the Eighth Circuit is not a collateral or tangential issue over which the court has jurisdiction. Accordingly, this court lacks jurisdiction to address Defendants' Motion.

In the alternative, even if the court had jurisdiction to address Defendants' Motion, which it does not have, the court would deny the Motion. In *Brady v. National Football League*, 640 F.3d 785 (8th Cir. 2011), the Eighth Circuit addressed the factors a court considers for determining whether to issue a stay:

> "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L.Ed.2d 724 (1987). The most important factor is the . . . likelihood of success on the merits. . . . The movant must show that it will suffer irreparable injury unless a stay is granted. . . . Ultimately, [the court] must consider the relative strength of the four factors, "balancing them all." *Fargo Women's Health Org. v. Schafer*, 18 F.3d 526, 538 (8th Cir. 1994).

5

*Id*. at 789.[1]  "A stay is not a matter of right, even if irreparable injury might otherwise result."  *Nken*, 556 U.S. at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"  *Id*. (quoting *Virginian*, 272 U.S. at 672-73).

Applying the *Brady* factors, the court finds that the first factor weighs against issuing a stay order.  In order to be successful on the merits, Defendants would have to show that: (1) Defendants acted under the direction of a federal officer; (2) there is a causal connection between Defendants' actions and federal authority; and (3) Defendants have a colorable federal defense.  *See generally* December 28, 2020 Order at 25-29 (court's findings that Defendants failed to demonstrate any of the three requirements for federal officer removal).  Here, Defendants raise the same arguments that they raised in their resistance to Plaintiffs' motion to remand and have not made a strong showing of likely success on any of the three required showings, let alone on all three of them.

The second factor also weighs against the issuance of a stay.  "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."  *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996).  Without explanation, Defendants assert that "their asserted right to have this case tried only in federal court unquestionably constitutes irreparable harm" and "[t]here is no way to unring the bell or

---

[1] The court notes that Defendants assert that, in order to satisfy the first factor, Defendants "need not show the district court that just ruled against them that it is more likely than not that they will prevail on the merits; instead, they need only show 'a fair chance of prevailing.'"  Motion at 6 (quoting *Jet Midwest Int'l Co., Ltd. v. Jet Midwest Grp., LLC*, 953 F.3d 1041, 1045 (8th Cir. 2020)).  Defendants' reliance on *Jet Midwest* is misplaced.  *Jet Midwest* does not address the factors a court considers when determining whether or not to grant a stay.  *Jet Midwest* addresses the factors a court considers when determining whether or not to grant a preliminary injunction.  Accordingly, the court will consider "whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits."  *See Brady*, 640 F.3d 789.

compensate Defendants for the time and expense spent litigating in state court if their right to removal is vindicated on appeal." Motion at 11-12. Defendants have failed to articulate harm that is "certain," "great" or imminent. Moreover, "cost, inefficiency, and inconvenience do not amount to the 'certain and great' harm that must justify a stay." *Medtronic Sofamor Danek, Inc. v. Gannon*, No. 0:17-cv-00943 (SRN/FLN), 2017 WL 5135556, at *4 (D. Minn. Nov. 3, 2017) (citing *Iowa Utilities Bd.*, 109 F.3d at 425).

The third factor weighs slightly against issuing a stay. Plaintiffs initially filed their Petition in state court on June 25, 2020. The case was removed to federal court on July 27, 2020. Other than the litigation on the motion to remand, virtually nothing else has happened in this case. Issuing a stay pending an appeal that is not likely to succeed on the merits would be against the interests of the Plaintiffs. The fourth factor is not of great significance to this case.

The court reiterates that it has determined that it lacks jurisdiction to consider the instant Motion, as Defendants appealed the court's Remand Order prior to filing the Motion. Nevertheless, in the alternative, if the court had jurisdiction, which it does not have, the court, after considering and weighing the four *Brady* factors, finds that a stay pending appeal should not issue in this case.

Accordingly, for all of the foregoing reasons, the Motion (docket no. 61) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 28th day of January, 2021.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

7

Case 6:20-cv-02055-LRR-KEM   Document 64   Filed 01/28/21   Page 7 of 7